UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.: 13-57-JJB-RLB |
| VERSUS | * | |
| | * | |
| JONATHAN J. PERRRY | * | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS COUNT ONE OF THE INDICTMENT AS TO DEFENDANT**

NOW INTO COURT, comes defendant, Jonathan J. Perry, by and through undersigned counsel, in support of his *Motion to Dismiss Count One of the Indictment*, and avers to this honorable Court as follows:

**STATEMENT OF FACTS**

Defendant has been indicted along with seven other defendants of conspiracy to intentionally distribute and possess with intent to distribute 280 grams or more of cocaine base and five kilograms or more of cocaine.

As to defendant Jonathan Perry, the indictment does not make any allegation that would make him a part of the conspiracy. The allegations against Mr. Perry are as follows:

46. On or about September 15, 2010, (Jeffrey) PERRY and JONATHAN J. PERRY were in a white two door Honda Accord, bearing LA License Place No. TQD499, registered to T.M., one of (Jeffrey) PERRY'S girlfriends, driving through Jefferson County, Texas, westbound on I-10, carrying approximately $71,000 in cash in a hidden compartment behind the rear seat of this vehicle.

49. On or about July 21, 2011, DARNELL DALTON provided approximately one (1) ounce of "crack" cocaine to JONATHON J. PERRY for distribution to another.

There is no allegation that he intended to be a part of the conspiracy or sought to in anyway profit from or otherwise become a part of the conspiracy.

The time frame of the alleged conduct of the defendants also does not support that Mr. Perry was a part of a larger conspiracy involving the quantity of drugs alleged by the government. The indictment alleges that the conspiracy began in or before August of 2006 and continued until in or about September of 2011. However, during this time Mr. Perry was incarcerated from March 9, 2007 until at least January 29, 2010, and then again from July 21, 2011 until the present time. Considering the length of time that the defendant has been in custody it is not possible for him to have been a part of the larger alleged conspiracy.

Count One of indictment should be dismissed as to defendant Jonathan Perry.

## LAW AND ARGUMENT

### A. Jonathan Perry Did Not Join The Alleged Conspiracy Through his Mere Association with the Co-defendants

To prove that a defendant is guilty of conspiring to distribute illegal drugs under 21 U.S.C. § 846, the Government must prove beyond a reasonable doubt: "(1) the existence of an agreement between two or more persons to violate narcotics laws, (2) knowledge of the conspiracy and intent to join it, and (3) voluntary participation in the conspiracy." United States v. Peters, 283 F.3d 300, 307 (5th Cir.), *cert. denied*, 536 U.S. 934, 122 S.Ct. 2612, 153 L.Ed.2d 797 (2002). The Government need not prove an overt act to show participation in a conspiracy. United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir.1994). Mere presence or association alone, however, are not sufficient to prove participation in a conspiracy. Id. at 1551 (citing United States v. Cardenas, 9 F.3d 1139, 1157 (5th Cir.1993)).

[P]roving a "defendant knew what was going on" is not sufficient to establish co-conspirator criminal liability. United States v. Carreon, 11 f.3d 1225, 1236 (5th Cir. 1994)

quoting United States v. O'Campo, 973 F.2d 1015, 1026 (1st Cir.1992).  A defendant does not join a conspiracy merely by participating in a substantive offense, See Pinkerton v. United States, 1946, 328 U.S. 640, 643, 66 S.Ct. 1180, 1182, 90 L.Ed. 1489; United States v. Carlton, 5 Cir. 1973, 475 F.2d 104, 106, *cert. denied*, 414 U.S. 842, 94 S.Ct. 100, 38 L.Ed.2d 80, or by associating with persons who are members of a conspiracy.  Panci v. United States, 5 Cir. 1958, 256 F.2d 308, 312.

It is not enough that a defendant may have wittingly aided a criminal act or that he may have intended to do so in the future; to convict a defendant of conspiracy the government must demonstrate that the defendant agreed with others that together they would accomplish the unlawful object of the conspiracy.  United States v. Alvarez, 610 F.2d 1250, 1255 (5th Cir. 1980).  "(H)e [the conspirator] must in some sense promote their venture himself, make it his own, have a stake in its outcome."  United States v. Falcone, 2 Cir. 1940, 109 F.2d 579, 581, *Aff'd*, 1940, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128.

In the present case, the government alleges that Mr. Perry travelled in a car with one of the co-defendants and a hidden compartment in the car contained a large sum of money.  The car is alleged to have belonged to the co-defendant's girlfriend.  Disregarding for the moment that there is nothing illegal per se about keeping a large sum money hidden in a car, there is also no allegation that Mr. Perry knew about the money or had any control over the car or the money.

[A] defendant's guilt may not be proven by showing that he is related to an "unsavory" person.  United States v. Parada-Talamantes, 32 F.3d 168, 170 (5th Cir. 1994) quoting United States v. Singleterry, 646 F.2d 1014 (5th Cir.1981), *cert. denied*, 459 U.S. 1021, 103 S.Ct. 387, 74 L.Ed.2d 518 (1982).  Something else (e.g., some circumstantial indicium of possession) is required besides mere joint occupancy before constructive possession is established.  United

States v. Mergerson, 4 F.3d 337, 349 (5th Cir. 1993).  The mere allegations that Mr. Perry was in the car with his co-defendant is not alone enough hold Mr. Perry accountable for the large sum of money contained in the hidden compartment in the rear of the vehicle.

The allegation that Mr. Perry received approximately one ounce of crack from Mr. Dalton for distribution to another also does not rise to the level of a conspiracy.  The government must demonstrate that Mr. Perry agreed with others that together they would accomplish the distribution of in excess of 280 grams of cocaine base.  A defendant does not join a conspiracy merely by participating in a substantive offense and there is no evidence or allegation that Mr. Perry had any stake in the outcome of the alleged distribution.

### B.  Mr. Perry Could Not Have Been a Part of the Larger Conspiracy Due to His Incarceration

The drug quantity involved in the conspiracy must be proved beyond a reasonable doubt.  See United States v Turner, 319 F.3d 716, 722-723 (5th Cir. 2003).  The government must then establish by a preponderance of the evidence the drug quantity attributable to a particular defendant.  Id.

A party to a conspiracy is liable as a principal for all offenses committed in furtherance of the conspiracy while he is a member of it.  Gradsky v. United States, 376 F.2d 993 (5th Cir. 1967); Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489.  But a latecomer cannot be convicted as a principal for substantive offenses which were committed in furtherance of the conspiracy before he joined it or after he withdrew from it.  Gradsky, *supra* citing Levine v. United States, 383 U.S. 265, 266; 86 S.Ct. 925.

Defendant Jonathan Perry should not be held liable for any transactions that took place during the time of his incarceration. He was incarcerated from March 9, 2007 until at least January 29, 2010, and then again from July 21, 2011 until the present time. During the more than five years that the conspiracy is alleged to have continued Mr. Perry would only have had opportunity to join the alleged conspiracy for approximately 22 months at most. As stated above, the acts that he is alleged of having committed during the time when he was not in custody do not rise to the level of joining the conspiracy.

## CONCLUSION

WHEREFORE, defendant, Jonathan J. Perry, prays that Count One of the indictment against him be dismissed, with prejudice.

Respectfully Submitted:

/s/ Rusty M. Messer
Rusty M. Messer, La. Bar No. 30634
637 St. Ferdinand Street
Baton Rouge, Louisiana 70802
Tel: (225) 223-6215
Fax: (225) 246-2877
rusty@messerfirm.com

*Attorney for Defendant,*
*Jonathan J. Perry*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October, 2013, the above and foregoing pleading was electronically served on counsel of record in this matter by the Court's ECF filing system through ECF notification.

/s/ Rusty M. Messer
RUSTY M. MESSER