UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.: 13-57-JJB-RLB |
| VERSUS | * | |
| | * | |
| JONATHAN J. PERRRY | * | |

**MOTION TO ALLOW DEFENDANT TO APPEAR IN CIVILIAN CLOTHING AND
INCORPORATED MEMORANDUM IN SUPPORT**

**NOW INTO COURT**, by and through undersigned counsel, comes Defendant, Jonathan

J. Perry, and moves this Court for an order permitting Defendant to appear at trial in civilian

clothes instead of a prison uniform and in support thereof avers as follows:

1.

The right to a fair trial is a fundamental liberty secured by the United States

Constitution. *Drope v. Missouri*, 420 U.S. 162, 172, 95 S.Ct. 896, 904, 43 L.Ed.2d 103, 113

(1975). The presumption of innocence, although not articulated in the Constitution, is considered

a basic component of this fundamental right. *Coffin v. United States*, 156 U.S. 432, 453, 15 S.Ct.

394, 403, 39 L.Ed. 481, 491 (1895).

2.

Because of this presumption, the Court in *Brooks v. State of Te*xas, 381 F.2d 619, 624

(5th Cir. 1967) held it to be "inherently unfair to try a defendant for a crime while garbed in his

jail uniform." Therefore, "no insinuations, indications or implications suggesting guilt should be

displayed before the jury, other than admissible evidence and permissible argument." *Id*. The

defendant's clothing is so likely to be a continuing influence throughout the trial that courts have,

with few exceptions, determined that an accused should not be compelled to go to trial in prison

clothing because of the possible impairment of the presumption so basic to the adversary system. *Estelle v. Williams*, 425 U.S. 501, 505, 96 S. Ct. 1691, 1693, 48 L. Ed. 2d 126 (1976).

3.

The *Estelle* Court also found that "compelling an accused to wear prison clothing furthers no essential state policy."  Mere convenience to jail administrators was not sufficient to justify the practice. *Id*.  Furthermore, the Court emphasized the troubling fact that "compelling the accused to stand trial in prison garb operates usually against those who cannot post bail before trial."  *Id*. Since persons who can secure release are not subjected to this condition, imposing the condition on one category of defendants would be inconsistent with the concept of equal justice. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).

4.

Allowing the Defendant to appear at trial in civilian clothes is the most appropriate way for this Court to ensure that defendant's rights are properly protected.  If Defendant appears before jurors in prison clothing, they will naturally be led to doubt the presumption of innocence and Defendant's constitutional rights to a fair trial will be undermined.

**WHEREFORE**, Defendant, Jonathan J. Perry, prays that he be allowed to appear at trial in ordinary civilian clothes, and any other time the media or jurors might view Defendant.

Respectfully Submitted:

      /s/ Rusty M. Messer
Rusty M. Messer, La. Bar No. 30634
637 St. Ferdinand Street
Baton Rouge, Louisiana 70802
Tel: (225) 223-6215
Fax: (225) 246-2877
rusty@messerfirm.com

***Attorney for Defendant,***
***Jonathan J. Perry***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of October, 2013 the above and foregoing pleading was electronically served on counsel of record in this matter by the Court's ECF filing system through ECF notification.

_____/s/  Rusty M. Messer_____
RUSTY M. MESSER