UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.: 13-57-JJB-RLB |
| VERSUS | * | |
| | * | |
| JONATHAN J. PERRRY | * | |

## MOTION TO REQUIRE LIVE TESTIMONY AND INCORPORATED MEMORANDUM IN SUPPORT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Jonathan J. Perry, pursuant to the Federal Rules of Evidence Rules 802 and 803, and respectfully moves this Court to order that live testimony by a custodian or other qualified witness be required in order to certify business records described in the Government's Notice of Intent to Offer Certification of Business Records.

1.

Business records are permitted to be admitted into evidence at a criminal trial, as an exception to the prohibition of hearsay evidence, if they meet the requirements listed in Rule 803(6) of the Federal Rules of Evidence. In order for the records to meet the exception, and thus be admissible, the records must either be certified in accordance with Rule 902 (11-12) or a custodian or other qualified witness must testify at trial that the records:

> (A) the record was made at or near the time by someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling; and
>
> (C) making the record was a regular practice of that activity.

Furthermore, no lack of trustworthiness should be indicated either from the source of the information or the preparation of the records. Fed. R. Evid. 803

2.

In the Government's Notice of Intent to Offer Certification of Business Records, they have informed defense counsel of their intent to offer business records at trial, with reliance on Rule 902(11) of the Federal Rules of Evidence. Trustworthiness has been held to be at the core of admissibility with regard to Rule 803 exceptions. *United States v. Williams*, 661 F.2d 528, 531 (5th Cir. 1981). Due to the importance of this factor, the Fifth Circuit has recognized the inadmissibility of "rank hearsay" where mere certification fails to lay a proper foundation for the evidence. Any room for speculation present in the certification of business records creates a deficiency in the foundation needed for admission of the evidence. *United States v. Davis*, 571 F.2d 1354, 1359 (5th Cir. 1978). Requiring live testimony of a custodian or other qualified witness will ensure the trustworthiness of the certification and that the proper foundation has been laid before such records may be presented to the jury.

3.

Requiring live testimony for the certification of business records is the most appropriate way for this Court to ensure that the defendant's rights are properly protected. Failure to do so will allow room for speculation as to the trustworthiness of the records and undermine the defendant's Constitutional rights to a fair trial. U.S. Const. amend. VI

**WHEREFORE**, Defendant, Jonathan J. Perry, prays live testimony be required for certification of all business records presented for admission into evidence at trial.

Respectfully Submitted:

  /s/ Rusty M. Messer
Rusty M. Messer, La. Bar No. 30634
637 St. Ferdinand Street
Baton Rouge, Louisiana 70802
Tel: (225) 223-6215
Fax: (225) 246-2877
rusty@messerfirm.com

***Attorney for Defendant,
Jonathan J. Perry***

## CERTIFICATE OF SERVICE

 I hereby certify that on the 1st day of October, 2013 the above and foregoing pleading was electronically served on counsel of record in this matter by the Court's ECF filing system through ECF notification.

  /s/ Rusty M. Messer
RUSTY M. MESSER