UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.: 13-57-JJB-RLB |
| VERSUS | * | |
| | * | |
| JONATHAN J. PERRRY | * | |

### MOTION TO REVEAL DEALS OR CONCESSIONS MADE TO OTHER DEFENDANTS AND POTENTIAL WITNESSES AND INCORPORATED MEMORANDUM IN SUPPORT

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Jonathan J. Perry, pursuant to the Fifth and Sixth Amendments to the United States Constitution, and respectfully moves for an order directing the Government to disclose any documents, reports or evidence relating to deals or concessions offered to any other defendants and potential witnesses in this case, and in support thereof avers as follows:

1.

Defendant is entitled to any evidence, whether written or oral, concerning agreements between law enforcement officers and other defendants and potential witnesses, or between prosecuting authorities and other defendants and witnesses, regarding criminal charge concessions, sentencing concessions, promises of leniency, preferential treatment, or other incentives, whether the offer or concession was from the United State's Attorney's Office or any other state or federal authority.

2.

In *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either

to guilt or punishment." This rule was expanded to include evidence which impeaches the testimony of a witness, where the reliability or credibility of the witness may be determinative of guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 153–55, 92 S.Ct. 763, 765–66, 31 L.Ed.2d 104 (1972). In particular, any agreement made with a government witness for testimony in exchange for a deal, concession or other favorable treatment regarding criminal charges must be disclosed. *Id*.

3.

The defendant's right to confront and cross-examine witnesses, found in the Sixth Amendment to the United States Constitution. In order to cross-examine a witness effectively, a defendant must be afforded the opportunity to demonstrate any bias or self-interest which is attached to a witness's testimony. *Davis v. Alaska*, 415 U.S. 308, 318, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974). Where witness credibility is an important issue in a case, evidence of any deal as to a future prosecution will be relevant to show possible bias or self interest and the jury will be entitled to know of it. *Giglio*, at 766.

4.

The Supreme Court has held that deliberate deception of a court and jurors by the presentation of known false evidence is "inconsistent with the rudimentary demands of justice." *Mooney v. Holohan*, 294 U.S. 103, 112, 55 S. Ct. 340, 342, 79 L. Ed. 791 (1935). This principle is equally applicable to nondisclosure of evidence affecting only the credibility of witnesses. *Napue v. People of the State of Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 1177, 3 L. Ed. 2d 1217 (1959).

5.

In order to protect Defendant's rights under the U.S. Constitution the Government should be required to disclose any documents, reports or evidence relating to deals or concessions offered to any other defendants or potential witness in this case.

6.

Defendant further moves that the Government be ordered to provide this information substantially before trial and in a manner that allows defendant to make effective use of the information at trial. The Government has only complied with its obligations under *Brady* or other discovery statutes if it provides the evidence in a timely, useful manner that allows Defendant to make effective use of it at trial.

**WHEREFORE**, Defendant, Jonathan J. Perry, prays that Government be required to disclose any documents, reports or evidence relating to deals or inducements offered to other defendants and any potential witness in this case

Respectfully Submitted:

_____/s/ Rusty M. Messer_____
Rusty M. Messer, La. Bar No. 30634
637 St. Ferdinand Street
Baton Rouge, Louisiana 70802
Tel: (225) 223-6215
Fax: (225) 246-2877
rusty@messerfirm.com

***Attorney for Defendant,
Jonathan J. Perry***

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the 8th day of October, 2013 the above and foregoing pleading was electronically served on counsel of record in this matter by the Court's ECF filing system through ECF notification.

                _/s/  Rusty M. Messer_
                RUSTY M. MESSER